IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EDWIN COLLIER,

      Plaintiff,

  v.                                      Civil Action 2:22-cv-1801
                                            Judge Edmund A. Sargus, Jr.
                                            Magistrate Judge Jolson

ATRIUM MEDICAL CORP., et al.,

      Defendants,

**OPINION AND ORDER**

This matter is before the Court on Defendant Atrium Medical Corporation's Motion to Compel (Doc. 44). For the following reasons, the Motion is **GRANTED**. Plaintiff is **ORDERED** to produce the requested authorizations within **seven days** of the date of this Order. It is further **ORDERED** that, whenever Defendant uses Plaintiff's authorizations, it must: (1) give Plaintiff notice in each instance; (2) produce copies to Plaintiff of every record or document it receives; and (3) provide counsel's certification that Defendant is not withholding any document or record received by use of Plaintiff's authorizations.

**I.    BACKGROUND**

Plaintiff brings this product liability action against Defendants Atrium Medical Corporation ("Atrium") and Maquet Cardiovascular US Sales, LLC for their purportedly defective medical device product, a synthetic mesh called ProLoop polypropylene mesh ("ProLoop"). (Doc. 35, ¶ 1). Plaintiff underwent a hernia repair surgery in January 2015 and was implanted with a ProLoop mesh. (*Id.*, ¶ 46). Later, Plaintiff suffered a hernia recurrence and in April 2019 underwent a surgery to repair the recurrence and explant the mesh. (*Id.*). During that surgery, "it

was discovered the ProLoop mesh had adhered to the external oblique aponeurosis (a type of connective tissue) and testicular vessels." (*Id.*). Additionally, the mesh had surrounded Plaintiff's ilioinguinal nerve. (*Id.*) So, during the repair surgery "Plaintiff's surgeon was forced to sacrifice the ilioinguinal nerve when the mesh was excised[,]" and "[i]n a subsequent surgery eight days later, Plaintiff underwent orchiectomy of the right testicle due to testicular ischemia." (*Id.*). Relevant here, Plaintiff looks to recover for loss of earnings and earning capacity, past and future medical expenses, and past and future mental and emotional distress. (*Id.* at 25–26).

During discovery in this matter, Defendant Atrium requested authorizations from Plaintiff for the release of his medical, psychotherapy, insurance, and employment records. (Doc. 44 at 4; Doc. 44-2 at 18 (Request No. 29)). Plaintiff objected that the requested authorizations were overbroad. (Doc. 44-4 at 34). After some attempts to find mutually agreeable authorizations (Doc. 44-5 at 4), conferral eventually reached an impasse because the parties disputed whether the authorizations needed to have a temporal cut-off at the close of the discovery window. (Docs. 44-6, 44-7, 44-8). Now, Defendant brings the instant Motion to compel Plaintiff to produce authorizations without time restrictions. (Doc. 44). The Motion has been fully briefed (Docs. 46, 47) and is ripe for consideration.

**II.    STANDARD**

Two federal rules govern the Motion to Compel. Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 37, for its part, allows for a motion to compel discovery when a party fails to answer interrogatories submitted under Rule 33 or to provide proper responses to requests for production of documents under Rule 34. *See* Fed. R. Civ. P. 37(a)(1), (3). "The proponent of a

motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted). "While relevancy is broad, 'district courts have discretion to limit the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine,* 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). At base, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

**III.    DISCUSSION**

At the outset, the Court notes that there is no dispute that the authorizations seek relevant information. (*See* Doc. 46). Because Plaintiff seeks to recover for loss of earnings, medical damages, and mental and emotional distress, his medical, psychotherapy, insurance, and employment records strike to the heart of the potential damages and liability involved in this action. Rather, Plaintiff disputes the Motion on two grounds: (1) there is some disagreement among courts as to whether authorizations for release of records can be compelled; and (2) if authorizations are compelled, they should be time-restricted so Defendant cannot request records after the close of fact discovery. (*Id.* at 4–5).

On this first point, Plaintiff cites a few cases in which courts in other districts have declined to exercise their discretion to compel authorizations. (*Id.* at 4). Yet, the Court does not find any of these decisions mandate a different exercise of discretion here. Instead, the Court finds that the use of releases to obtain Plaintiff's pertinent records "represents the most efficient and economical way for Defendant to obtain those records." *Langenfeld v. Armstrong World Indus., Inc.*, 299

3

F.R.D. 547, 555 (S.D. Ohio 2014) (granting a motion to compel releases for medical records). As an alternative, Plaintiff offers only that Defendant should subpoena each individual health care provider, insurance provider, and employer and "then seek an order compelling them to produce records should there be no response." (Doc. 46 at 4). This would not be an appropriate use of party or judicial resources and might unduly show the progress of this litigation. Still more, Plaintiff represents that he "is willing to provide authorizations," so long as they contain his requested conditions. (*Id.*). So the sticking point here is really the question of whether the authorizations should be time-restricted.

At base, Defendant's position against time restrictions is that if Plaintiff "sees new health providers or receives health care treatment from health care providers after the close of fact discovery, Defendant should be able to receive and review those records to defend the case." (Doc. 44 at 7). This makes sense. Plaintiff has put his health condition at the center of the litigation, and should he receive any treatment after the close of fact discovery—but before the case proceeds on dispositive motions or trial—Defendant should be able to access those records. Certainly, there may be other effective means of ensuring those records are exchanged, but Plaintiff provides no meaningful alternative in his response. Rather, he merely says that "[a]ny records request should cease by the close of fact discovery." (Doc. 46 at 5).

While the Court finds Plaintiff's insistence on time restriction unpersuasive, it nonetheless respects his position that the authorizations should have some guardrails. Fortunately, counsel has a handy model for what that might look like. Counsel for Defendant and for Plaintiff were engaged in a similar hernia mesh case in the Eastern District of Pennsylvania. *Spear, et al. v. Atrium Medical Corp. et al.*, No. 2:22-cv-00876-GAM (E.D. Pa.). Ruling on a similar motion in that case, Judge Gerald Austin McHugh ordered that Plaintiff produce authorizations "without the temporal

4

limits that Plaintiff requests[,]" but also ordered that Defendant's use of said authorizations should be subject to the following conditions: "it must (1) give Plaintiff notice in each instance; (2) produce copies to Plaintiff of every record or document it receives; and (3) provide counsel's certification that Defendant is not withholding any document or record received by use of Plaintiff's authorizations." (Doc. 44-1 at 2). The Court finds those same conditions appropriate here.

### IV.  CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel (Doc. 44) is **GRANTED**. Plaintiff is **ORDERED** to produce the requested authorizations within **seven days** of the date of this Order. It is further **ORDERED** that, whenever Defendant uses Plaintiff's authorizations, it must: (1) give Plaintiff notice in each instance; (2) produce copies to Plaintiff of every record or document it receives; and (3) provide counsel's certification that Defendant is not withholding any document or record received by use of Plaintiff's authorizations.

IT IS SO ORDERED.

Date: July 7, 2023                                  /s/ Kimberly A. Jolson
                                                    KIMBERLY A. JOLSON
                                                    UNITED STATES MAGISTRATE JUDGE